## PONCET DAVIS CO. v. ROBERTS.
### DAVIS v. SAME.
### In re BANNING MILLS.
### Nos. 10729, 10730.

Circuit Court of Appeals, Fifth Circuit.
Nov. 9, 1943.

of sale of the machinery to Banning Mills. The trustee opposed the claim; the referee after a hearing disallowed it; and the district court sustained the referee's decision. The appeal in cause numbered 10729 is from the judgment of the district court.

Cause numbered 10730 is an appeal by Poncet Davis from a judgment of the district court affirming an order of the referee disallowing a claim filed on May 1, 1941, by Davis individually, as a secured creditor, in the sum of $6,496.69. This claim was originally filed on December 17, 1940, as a debt due upon open account in the sum of $4,552.61. The amount of the amended claim was computed by adding to a claim of Poncet Davis for $21,603.84 (the alleged balance due upon a mortgage debt) the sum of $15,378.42 (alleged to be due Poncet Davis Company for commissions earned from the bankrupt), and by offsetting against the aggregate of these amounts an indebtedness, in the sum of $30,485.57, that was owed to the bankrupt by Textile Rubber Company.

Banning Mills, the bankrupt, was from its incorporation in 1937 until the adjudication in 1940 wholly owned and controlled by Poncet Davis. The Poncet Davis Company was an Ohio corporation likewise wholly owned and controlled by Davis. Textile Rubber Company was a partnership composed of four partners, including Poncet Davis, and its affairs were dominated and controlled by him. All matters of policy, finance, and administration, arising in connection with the business of the two corporations, the partnership, and the individual enterprise, were handled by Poncet Davis at his office in Ohio; the books were kept there, and all bank accounts except the payroll account of Banning Mills were maintained there. Where certain creditors are in fact the alter ego of the bankrupt, claims filed by them should be subjected to special scrutiny for the protection of other creditors.[1]

Poncet Davis testified that the machinery was purchased by Poncet Davis Company and was delivered to Banning, Georgia, for installation in the mills of the bankrupt; that the original purchase was on open account, but trade acceptances were issued later by the purchaser; that the bankrupt paid three of these acceptances, whereas Poncet Davis Company paid nothing; and that it was agreed between Poncet Davis

Alfred H. Sachs, of Cleveland, Ohio, and Sidney I. Rose, of Atlanta, Ga., for appellants Poncet Davis Co. and Poncet Davis.

R. O. Jones, of Newnan, Ga., and Shirley C. Boykin, of Carrollton, Ga., for O. W. Roberts, Jr., Trustee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

Banning Mills, a corporation located at Banning, Georgia, was adjudicated a bankrupt on June 17, 1940. Poncet Davis Company, an Ohio corporation, on December 17, 1940, filed its claim against the bankrupt as an unsecured creditor for the sum of $6,893.10, the alleged value of seven Scroll condenser speeders purchased April 29, 1937, from H & B American Machine Company. On May 1, 1941, Poncet Davis Company filed an amended proof of claim as a secured creditor with reference to the same machinery, claiming that the sum of $5,153.09 remained due and unpaid to it under a title retention oral contract

[1] Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Arnold v. Phillips, 5 Cir., 117 F.2d 497.

540

Company and the bankrupt that title to the machinery should remain in Poncet Davis Company until Banning Mills had paid the entire purchase price.

■ The record is not clear as to when the machinery was delivered and installed at Banning, but many items in the account were for installation expenses incurred prior to July 1, 1937. On that date the Poncet Davis Company, the titular owner of the physical properties used by Banning Mills, deeded its lands, buildings, and machinery to the bankrupt in consideration of the assumption by Banning Mills of the mortgage indebtedness against the property in favor of Poncet Davis in the principal sum of $17,500. Though he later contradicted himself, Poncet Davis first testified that this mortgage debt had been fully paid prior to bankruptcy. Moreover, after notice to Poncet Davis and the Poncet Davis Company, this machinery was sold by the trustee, and the claimant gave no notice either at or prior to the sale that it held any claim of any character against the machinery. Poncet Davis was unable to produce the note evidencing the mortgage indebtedness, nor could he explain his failure so to do. His testimony was replete with contradictory statements, and was relatively unsupported. Upon this evidence the court below approved the finding of the referee that the bankrupt acquired title to the machinery in question under the deed of July 1, 1937, and that it had fully paid for it. We are unable to say that this finding is clearly erroneous.

■ The appeal in cause numbered 10730 requires but little to be said. Though Poncet Davis necessarily insisted that the fiction of a separate corporate entity should be observed with respect to Banning Mills for the purpose of filing a claim against it, he sought to have this fiction disregarded to enable him to consolidate into one the separate and distinct claims of Poncet Davis, the Poncet Davis Company, and the Textile Rubber Company. Should this claim be upheld it would permit Poncet Davis to offset a mortgage debt that the referee found to be paid in full, and a debt upon open account owed the Poncet Davis Company, which the company itself perhaps could not enforce against the trustee because it failed to file the claim within the time allowed by statute, against the indebtedness owed the bankrupt by the Textile Rubber Company, which was enforceable by the trustee against Poncet Davis

as a partner. The law does not authorize the filing of such a consolidated claim; there is no proper basis for a set-off; and the claim presents no special equity sufficient to invoke the extraordinary powers of a court of bankruptcy. This claim, too, was properly disallowed.

Both of the judgments appealed from are affirmed.